IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY D. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15-cv-00865 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Frensley |
| ALBERT U. TIECHE, et al., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are Plaintiff Bobby D. Green's ("Plaintiff") (1) September 19, 2015 objection (Doc. No. 6) to the court's Order of August 14, 2015, in which the Court appointed a magistrate judge to decide all discovery-related and non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A–B) (Doc. No. 3); (2) September 29, 2015 objection, which re-asserts his September 19, 2015 objection and alleges that he was not furnished with "a packet of forms as to what is to be expected/required concerning 'service of process,' etc." (Doc. No. 7); (3) the Motion to Supplement his Complaint by adding additional defendants (Doc. No. 8); (4) the Motion for a Ruling on his September 19, 2015 objection (Doc. No. 12); and (5) the Motion to Repetitiously Object to the Appointment of a Magistrate Judge (Doc. No. 13) (collectively, the "Motions"). For the reasons stated below, the first, second, fourth, and fifth Motions are **DENIED**.

Plaintiff objects to the Court's appointment of a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A–B), to handle all discovery-related and non-dispositive matters in this case. (Docs. No. 6–7, 12–13.) To support his position he cites *Roell v. Withrow*, 538 U.S 580 (2003). Plaintiff's objection is based on a misunderstanding of both § 636(b)(1)(A–B) and *Roell*. Under

1

§ 636(b)(1)(A–B), a court need not obtain the parties' consent to appoint a magistrate judge to handle all discovery-related and non-dispositive matters. The parties' consent is only required when the court appoints a magistrate pursuant to § 636(c)(1) to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in that case." Such was the situation in *Roell*, where the court appointed a magistrate judge who handled the case "all the way to a jury verdict and judgment[,]" despite the fact that the petitioners never agreed in writing to the appointment of a magistrate pursuant to § 636(c)(1). 538 U.S. 580. Since the Court has not appointed a magistrate judge pursuant to § 636(c)(1), *Roell* is inapplicable and Plaintiff's argument is without merit. Accordingly, Plaintiff's first, fourth, and fifth Motions (Docs. No. 6, 12, and 13) are **DENIED**.

Plaintiff also objects to the Clerk's "instructions/directions to serve process" as specified in a letter postmarked August 17, 2015. (Doc. No. 7.) Plaintiff claims that the Clerk "maliciously failed/neglected, or refused to serve process" in a separate case (3:06-cv-00446). (*Id.* at p. 1.) Since that case is not presently before this Court, this objection is **DENIED**.

Since the assignment to a magistrate judge is in accordance with § 636(b)(1)(A–B) (Doc. No. 3), Magistrate Judge Frensley may address Plaintiff's Motion to Supplement his Complaint (Doc. No. 8). For the reasons stated above, Plaintiff's other Motions (Dockets No. 6–7, 12–13) are **DENIED**.

It is so ORDERED.

Entered this 1st day of November, 2016.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT